ALEXANDER HOGAN v. R. A. BROWN.

(Decided November 21, 1899.)

*Stock Law—Impounding Stock—Sale.*

1. Statutes giving the right to impound stock and sell the same for damages committed and costs of impounding have stood the test of the courts, when attacked as unconstitutional.

2. It is a proceeding *in rem.*

CIVIL ACTION for the value of a horse, tried before *Robinson, J.,* at October Term, 1899, of the Superior Court of MONTGOMERY County.

By consent, his Honor found the facts, leaving it to the jury to ascertain the value of the animal, which they did, at the sum of $66.66 2-3.

*Facts Found by the Court.*

1. That the horse mentioned in the complaint was taken from the possession of the plaintiff in Moore County, which is not a stock-law county, without his knowledge or consent.

2. That said horse was afterwards taken up and impounded in Anson County, which is a stock-law county; that said horse was advertised and sold by the impounder, at which sale one E. J. Lilly became the purchaser, and the balance of the proceeds of sale turned over to the Register of Deeds of Anson County, as required by law.

3. That afterwards the defendant purchased said horse from the said E. J. Lilly.

4. That the plaintiff had no knowledge of where his said horse was from the time of its taking until it became into the possession of the defendant, Brown, in Cabarrus County; that he then, at once, sent to the defendant, in Cabarrus County,

and demanded possession of said horse, or its value, with which demand the defendant refused to comply.

5. After demand as aforesaid, and before the bringing of this suit, the defendant sold said horse, and is not now in possession of the same.

Upon these findings of facts the Court gave judgment that the plaintiff was entitled to recover of the defendant the value of the property sued for. From which judgment the defendant appealed.

_Messrs. Adams & Jerome,_ for appellant.
Plaintiff, appellee, not represented.

MONTGOMERY, J. The horse described in the complaint was taken (the case does not show in what manner he was taken) from the owner in Moore County, and was afterwards taken up and impounded in Anson County, a stock-law county. The animal was advertised and sold by the impounder, and at the sale one E. J. Lilly became the purchaser. The balance of the proceeds of the sale, after the impounder's fees had been paid, was turned over to the proper authorities of Anson County, as required by law. Lilly sold the horse to the defendant, Brown, and after the demand and before the commencement of this action, the defendant had sold it to some other person. The plaintiff had no knowledge of where the horse was from the time it was taken from him in Moore County, until he had heard that it was in the possession of the defendant, when he made a demand for the possession of his property. The demand was refused.

Upon the facts which the Judge found upon agreement, there was a judgment that the plaintiff was entitled to recover the value of the horse, and an issue was submitted to the jury

for that purpose. The jury assessed the value of the animal to be $66 2-3, and judgment was entered against the defendant for that amount.

We think the judgment was erroneous. The proceedings by the impounder under which the horse was sold were proceedings *in rem.* The animal itself was condemned for the payment of the fees due by law to the impounder, and no notice was necessary to be given to the owner other than that which was given by the advertisement, required by law in such cases, and which was in fact given.

Statute laws giving the right to impound stock and to sell the same for damages committed upon property while astray, and cost for impounding, have been enacted in many of the States, and they have stood the test of the courts when they have been attacked as unconstitutional on the ground that they deprive one of his property without due process of law.
. . . . . . . . . . *v.* . . . . . . . . . ., 7 Watts Penn., 482; 10 Am. & Eng. Enc. of Law, pp. 187, 190; 38, *Ibid,* p. 1149.

This is a hard case, but the Court is unable to relieve the plaintiff.

Error.